Filed 1/24/23  In re J.S. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re J.S., a Person Coming Under the Juvenile Court Law. | |
| RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES, | E079557 |
| Plaintiff and Respondent, | (Super.Ct.No. SWJ1200383) |
| v. | OPINION |
| J.S., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Kelly L. Hansen, Judge.
Reversed with directions.

Donna P. Chirco, under appointment by the Court of Appeal, for Defendant and
Appellant.

Minh C. Tran, County Counsel, Melinda H. Frey, Deputy County Counsel for Plaintiff and Respondent.

The juvenile court terminated the parental rights of C.Y. (Mother) and J.L.S. (Father) to their son, J.S. (Minor). (Welf. & Inst. Code, § 366.26, subd. (b)(1).) Father contends a proper inquiry under the Indian Child Welfare Act of 1978 (25 U.S.C. § 1901 et seq.) (ICWA) was not conducted. Riverside County Department of Public Social Services (the Department) concedes the error. We conditionally reverse the order.

## FACTUAL AND PROCEDURAL HISTORY

"[Mother] has a ten year history with the Child Welfare system in Riverside County, where she has been provided with Reunification and Family Maintenance services due to a long chronic history of substance abuse and unresolved mental health problems. [Mother] has had seven children, one who died in her care and custody, and two of her children were sexually abused in her care."

Minor was born in April 2021. Approximately 10 days after his birth, the Department placed Minor in foster care. In the juvenile court, Minor's dependency case was given the same case number as his maternal half siblings, whose dependency case was already underway. (Super. Ct. Riverside County, case No. SWJ1200383.)

On May 17, 2021, Mother denied having Indian ancestry. On March 23, 2021, and May 20, 2021, Father denied having Indian ancestry. Despite the denials of Indian heritage, in May 2021, the Department contacted the Cherokee Nation of Oklahoma to inquire if Minor's relatives were enrolled or eligible for enrollment with the Tribe. The Department provided Father's name and the names of various maternal relatives. The Department indicated that one of the maternal relatives, Minor's great-great-great-great-grandfather, was an enrolled member of the Cherokee Nation. The Cherokee Nation responded that Mother, Father, and Minor were not registered citizens of the Cherokee Nation.

Also in May 2021, the Department contacted more than 30 Indian tribes and bands to inquire about Minor's possible Indian ancestry. The responding tribes and bands concluded that Minor was not a member nor eligible for membership.

## DISCUSSION

Father contends that there is a discrepancy between Mother and Father denying Indian ancestry and the Department contacting tribes to inquire about Minor's possible tribal affiliation. Father infers that information about Indian ancestry was provided in Minor's maternal half-siblings' dependency proceedings, but that information failed to be recorded in Minor's proceedings.[1] Further, Father asserts there is no indication of an

---

[1] After Father filed his appellant's opening brief, the Department moved to augment the record, and this court granted the motion. The augmented record reflects that in July 2019 Mother completed a form in the proceedings for Minor's half sibling indicating that Mother may have Indian ancestry, specifically Chippewa, Cherokee, and/or Navajo.

inquiry into Minor's paternal relatives' ancestry. Father faults the Department and the juvenile court for failing to conduct an adequate ICWA inquiry on behalf of Minor. (Welf. & Inst. Code, § 224.2, subd. (b).) The Department concedes an adequate ICWA inquiry was not conducted. We will conditionally reverse the judgment so an adequate ICWA inquiry can be made.

## DISPOSITION

The order terminating parental rights (Welf. & Inst. Code, § 366.26) is conditionally reversed. The juvenile court shall order, pursuant to ICWA and California Rules of Court rules 5.481 and 5.482, that within 30 days of the remittitur being issued that the Department perform a diligent inquiry into Minor's possible Indian ancestry. If adequate additional investigation is performed but yields no further information that could assist the Bureau of Indian Affairs or a specific tribe or tribes in determining whether Minor is an Indian child, then the juvenile court shall reinstate its section 366.26 order. If, as a result of that inquiry, information is obtained that may assist the Bureau of Indian Affairs or a tribe in determining whether Minor is an Indian child, then the juvenile court shall order the Department to provide the relevant tribe(s) and the Bureau of Indian Affairs with proper notice of the proceedings.

In the event no tribe responds indicating Minor is an Indian child, or if no tribe seeks to intervene, then the juvenile court shall reinstate its section 366.26 order. If a tribe determines that Minor is an Indian child and seeks to intervene in the proceedings, then the juvenile court shall vacate its prior orders and conduct all proceedings in

4

accordance with ICWA and related California laws.  (*In re Josiah T.* (2021) 71 Cal.App.5th 388, 409.)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER

J.

We concur:

RAMIREZ

P. J.

McKINSTER

J.